# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JUSTIN ODELL LANGFORD,

                Plaintiff,

v.

WILLIAM G. COBB,

                Defendant.

3:19-cv-00326-MMD-CBC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

Before the Court is Plaintiff Justin Odell Langford's ("Langford"), application to proceed *in forma pauperis* (ECF No. 1), his *pro se* civil rights complaint (ECF No. 1-1), and his motion for summary judgment (ECF No. 3). For the reasons stated below, the Court recommends that Langford's *in forma pauperis* application (ECF No. 1) be granted, his complaint (ECF No. 1-1) be dismissed for failure to state a claim, and his motion for summary judgment (ECF No. 3) be denied as moot.

## I.   *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Langford cannot pay the filing fee; therefore, the Court recommends that the application be granted.

## II. SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must

accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III. SCREENING OF COMPLAINT

In his complaint, Langford, an inmate currently in the custody of the Nevada Department of Corrections ("NDOC"), sues Defendant Magistrate Judge William G. Cobb ("Judge Cobb") under 42 U.S.C. § 1983. (*See* ECF No. 1-1 at 1-2). Langford alleges the following: On March 20, 2019, Langford filed a Civil Rights complaint against various NDOC officials in case number 3:19-cv-00155-MMD-WGC. (*Id.* at 2). Judge Cobb used Langford's "strawman" in two orders in the civil rights lawsuit. (*Id.* at 2-3). Langford filed a "billing invoice" for Judge Cobb's use of the "strawman" and violation of Langford's "rights and contract." (*Id.* at 3-4). Judge Cobb has "failed to challenge said violation and chosen to remain silent" and "now [it] is time for him to pay his debt." (*Id.* at 4). Langford requests $1.5 million in damages. (*Id.*)

It is well-established that "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). The scope of judicial immunity is broadly construed so as to promote the underlying goal of independent and

disinterested judicial decision-making. *Id.* at 1078. As such, judicial immunity applies no matter "how erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff," and is unaffected by motive or intent. *Id.* at 1075, 1078 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985)); *see also Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Judicial immunity is subject to two qualifications. "First, the immunity covers only those acts which are 'judicial in nature.'" *O'neil v. City of Lake Oswego*, 642 F.2d 367, 369 (9th Cir. 1981) (quoting *Stump*, 435 U.S.at 360-64). Second, a judge may be held liable when he or she "acted in the 'clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356-57). Neither circumstance is present here. Langford accuses Judge Cobb of issuing orders using Langford's "strawman," which the Court assumes is Langford's name. Issuing orders is clearly "judicial in nature." *O'neil*, 642 F.2d at 369. Accordingly, the Court recommends that the complaint be dismissed for failure to state a claim.

The Court intends for this dismissal to be considered a strike under 28 U.S.C. § 1915(g) and recommends that the District Court assess a strike based on a dismissal for failure to state a claim. Finally, because the Court recommends dismissal of the complaint, the Court recommends that Langford's motion for summary judgment (ECF No. 3) be denied as moot.

**IV.   CONCLUSION**

For the reasons articulated above, the Court recommends that Langford's application to proceed *in forma pauperis* (ECF No. 1) be granted, that Langford's complaint (ECF No. 1-1) be dismissed for failure to state a claim, and that the motion for summary judgment (ECF No. 3) be denied as moot.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation

within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Langford's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Langford's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Langford's complaint (ECF No. 1-1) be **DISMISSED** for failure to state a claim;

**IT IS FURTHER RECOMMENDED** that Langford be assessed a strike under 28 U.S.C. § 1915(g); and

**IT IS FURTHER RECOMMENDED** that the motion for summary judgment (ECF No. 3) be **DENIED** as moot.

**DATED:** August 28, 2019.

_____
UNITED STATES MAGISTRATE JUDGE