UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUSTIN ODELL LANGFORD, | Case No. 3:19-cv-00326-MMD-CBC |
| Plaintiff, | ORDER |
| v. | |
| WILLIAM G. COBB, | |
| Defendant. | |

Plaintiff Justin Odell Langford, who is in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Magistrate Judge William G. Cobb for using Plaintiff's name in two screening orders in another case, which he contends violated his constitutional rights. (ECF No. 1-1 at 1, 4; *see also* ECF No. 5 at 5-6.) Plaintiff also submits an application to proceed *in forma pauperis* ("IFP Application"). (ECF No. 1.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla B. Carry (ECF No. 4) recommending that the Court grant the IFP Application, dismiss the proposed Complaint, assess a strike under 28 U.S.C. § 1915(g), and deny Plaintiff's motion for summary judgment as moot. Plaintiff filed an objection. (ECF No. 5.) The Court overrules Plaintiff's objection and adopts the R&R in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however,

the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the Court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

The Court agrees with Judge Carry that Plaintiff's IFP Application should be granted because he has shown that he cannot pay the filing fee. (ECF No. 4 at 2.) Plaintiff objects to Judge Carry's recommendation on the ground that the IFP Application is a contract "entered into based upon fraud." (ECF No. 5 at 5.) The fraud Plaintiff identifies relates to his belief that paper currency is a debt and that "debt can't pay debt." (*Id.* at 5-6.) Regardless of Plaintiff's beliefs, his Complaint cannot be filed unless he pays the $350 filing fee, 28 U.S.C. § 1914, or submits an IFP Application seeking court authorization to commence a suit without prepayment of fees, *see id.* § 1915. Plaintiff submitted an IFP Application that shows he cannot pay the $350 filing fee. (ECF No. 1.) Accordingly, Plaintiff's objection is overruled.

Moreover, the Court agrees with Judge Carry that the Complaint should be dismissed for failure to state a claim. First, Defendant Judge Cobb is entitled to judicial immunity. (ECF No. 4 at 3-4.) Plaintiff objects that immunity does not apply here (ECF No. 5 at 4-5), but his argument is unpersuasive. Moreover, Plaintiff's Complaint lacks a legal cause of action. Plaintiff alleges violations of his constitutional rights (ECF No. 1-1

at 2) but contends he is not bringing his lawsuit under 42 U.S.C. § 1983 (ECF No. 5 at 2). Indeed, Plaintiff's Complaint does not allege a cause of action under § 1983. (ECF No. 1-1 at 2.) Furthermore, § 1983 is the exclusive remedy for the constitutional deprivations Plaintiff alleges in the Complaint.

The Court also agrees with Judge Carry in assessing a strike under 28 U.S.C. § 1915(g) based on Plaintiff's failure to state a claim.[1] (ECF No. 4 at 4.) Plaintiff fails to state a claim because he has not identified a cause of action and because Judge Cobb is entitled to judicial immunity. While judicial immunity is an affirmative defense, *see Hiramanek v. Clark*, No. C-13-0228 EMC, 2014 WL 107634, at *7 (N.D. Cal. Jan. 10, 2014), that affirmative defense appears on the face of the Complaint. Plaintiff identifies Judge Cobb as a United States Magistrate Judge and explains that his Complaint arises from Judge Cobb's judicial orders. (*See* ECF No. 1-1 at 2-3.) Thus, it is appropriate to assess a strike. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016).

It is therefore ordered that Judge Carry's Report and Recommendation (ECF No. 4) is adopted in full.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted. The Clerk of Court is instructed to file the Complaint. (ECF No. 1-1). Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status will not extend to the issuance and/or service of subpoenas at government expense.

---

[1]Plaintiff objects that he has filed a "regular civil suit," not a § 1983 action, and therefore his Complaint should not have been screened by Judge Carry and cannot be assessed a strike. (ECF No. 5 at 2, 8.) This objection is unpersuasive because Plaintiff has no way of advancing his constitutional claims except through 42 U.S.C. § 1983. (*See* ECF No. 1-1 at 2 (alleging violations of constitutional rights).) Moreover, the Court is required to screen Plaintiff's Complaint under 28 U.S.C. § 1915(a)(1) because he is seeking *in forma pauperis* status. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the PLRA, the NDOC must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Justin Odell Langford, #1159546 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is instructed to send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even though this action will be dismissed, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the PLRA.

It is further ordered that the Complaint (ECF No. 1-1) is dismissed for failure to state a claim. Plaintiff is also assessed a strike under 28 U.S.C. § 1915(g) based on that dismissal.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 3) is denied as moot.

This Court certifies that any *in forma pauperis* appeal from its order of dismissal would be frivolous or would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 27th day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE